UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE

| | |
|---|---|
| ZHYAN HESEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALNET, INC., a Virginia Corporation Not Registered in California; PHILIP CALABRIA, an individual; and DOES 1 through 30, inclusive,<br><br>　　　　Defendants. | CASE NO. EDCV11-1211 VAP (OPx)<br><br>**PROTECTIVE ORDER --**<br>***DISCOVERY MATTER***<br><br>Judge:　　　　　　Virginia A. Phillips<br>Courtroom:　　　　2<br>Magistrate Judge: Oswald Parada<br>Courtroom:　　　　3<br>Trial Date:　　　　Not yet set |

After reading and considering the parties' Stipulation and Joint Motion for Protective Order, and GOOD CAUSE APPEARING,

IT IS HEREBY ORDERED:

Exhibit A attached hereto, which is the Protective Order dated March 28, 2011, issued by the Court in *Arredondo v. Calnet*, United States District Court, Central District of California Case No. EDCV10-01507 DSF (DTBx) and docketed in that case as Docket No. 20, shall apply to all documents currently in the possession, custody, or control of the Gomez Law Offices and Alvin Gomez that have been designated by Calnet as "Confidential" pursuant to the terms of that

/ / /

/ / /

1 | Protective Order, unless and until this Court issues a further order with respect to
2 | the use or disposition of such documents.

3
4 | Dated: 9/23/11                By: _____
5 |                                   Oswald Parada
                                      United States Magistrate Judge

[PROPOSED] ORDER                          2                    CASE NO. EDCV11-1211 VAP (OPx)

# EXHIBIT A

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| ROBERT ARREDONDO, | CASE NO. EDCV10-01507 DSF (DTBx) |
|---|---|
| Plaintiff, | DISCOVERY MATTER: [PROPOSED] PROTECTIVE ORDER |
| v. | |
| CALNET, INC., a Virginia Corporation Not Registered in California; and DOES 1 through 30, inclusive, | Date:             April 21, 2011<br>Time:             10:00 a.m.<br>Courtroom:    840<br>Judge:            Hon. Dale S. Fischer<br>Magistrate Judge: David T. Bristow<br>Trial Date:      Not Yet Set |
| Defendants. | |

    The Court has considered the Joint Motion for Protective Order Protecting Confidential Information submitted by Plaintiff Robert Arredondo ("Plaintiff") and Defendant Calnet, Inc. ("Defendant"). Based on the parties' joint motion, the Court finds GOOD CAUSE to grant the parties' motion and issue this Order.

    Therefore, the Court orders as follows:

    1.    When used in this Order, the word "documents" shall have the full meaning ascribed to the term "writings" as set forth in Federal Rule of Evidence 1001(1) and shall include, without limitation, all originals written, recorded, or graphic matters and all copies thereof.

    2.    All Confidential Discovery Materials (as defined below in paragraph 4) produced through formal discovery procedures in this action shall be used solely

for the prosecution and/or defense of any action between Defendants and Plaintiff. Any person who has been provided Confidential Discovery Materials in this action shall maintain them in a reasonably secure manner so as to avoid disclosure of their contents.

3. Any document or portions thereof, testimony, or other information produced in this action through formal discovery procedures by a party (collectively "Discovery Materials") may be designated "Confidential" by the producing party who has maintained them in a confidential manner and believes in good faith that the unrestricted disclosure of such information could be potentially prejudicial to the protected privacy rights, business, or operations of such party.

4. Discovery Materials designated "Confidential" shall be referred to herein as "Confidential Discovery Materials." Confidential Discovery Materials includes materials and documents that constitute or reflect Defendants' trade secrets and other proprietary and confidential commercial information the disclosure of which may be prejudicial to Defendants' protected privacy rights, business or operations, and information that may be protected by third parties' right to privacy under the United States or California Constitutions. Materials provided by one party to the other informally in the course of this action may be brought within the terms of the Protective Order by written notification to counsel receiving such Materials at the time of any such exchange.

5. The "Confidential" designation provided for in paragraph 3 or 4 of this Order may be made at or prior to the time of production of documents by stamping the word "Confidential" on each page of the matter disclosed or conspicuously on the front of other media containing information (*e.g.*, CD or DVD), or, in the case of depositions, as provided in paragraph 6 below. Inadvertent failure to designate materials as "Confidential" at the time of production may be remedied thereafter by written notice of supplemental production of the Discovery Materials with the "Confidential" designation. Upon the service of such notice and supplemental

production, the Discovery Materials shall be subject to the Protective Order as if the materials had been initially designated as "Confidential."

   6.   A party may also designate as "Confidential," that portion of any deposition testimony deemed to contain Confidential Discovery Material by advising the court reporter and counsel of record at the beginning and ending of the testimony containing the confidential information, either orally at the deposition or in writing no later than the earlier of 20 days after the date on which the transcript is received from the court reporter. Until the above specified period expires, counsel for the parties shall treat the entire transcript as Confidential Discovery Material. At the request and expense of either party at any time prior to the preparation of the deposition transcript, the reporter shall mark the face of the transcript to designate the beginning and ending of the portions designated as "Confidential" and, at the request of the designating party, shall prepare a separate original transcript containing the material designated as "Confidential." Copies of the transcript for counsels' use may contain both the confidential testimony and other testimony in a single volume.

   7.   No Discovery Material designated as "Confidential" shall be disclosed, directly or indirectly, by the party receiving such information in the action to any person other than:

   a.   the Court, necessary court personnel, and jurors;
   b.   the Plaintiff and Defendants;
   c.   the partners, associates, and employees of the attorneys' law firms who are representing any named party in the action;
   d.   in-house attorneys for any named party to this action and regular employees of the in-house legal department of any named party in this action;
   e.   court reporters transcribing depositions or testimony in the action and administrative staff of court reporting agencies as

1                 necessary for the processing of the transcript;

2      f.    any person who lawfully saw documents or information before its designation as "Confidential;"

4      g.    any expert retained or consulted by any party in connection with this action, provided such persons sign an acknowledgement substantially similar to Exhibit "A";

7      h.    non-party deponents at their depositions or non-party witnesses at trial, but only to the extent reasonably necessary to give their testimony;

10     i.    copy services; and

11     j.    any person whom a party intends, in good faith, to call as a witness in any hearing or at trial in the litigation, and that person's attorneys, if other than those described in subsections (c) or (d) above, but only to the extent reasonably necessary to give testimony, provided such persons shall not be entitled to keep copies of Confidential Discovery Materials unless they sign an acknowledgement substantially similar to Exhibit "A".

18     8.    All persons to whom Confidential Discovery Materials are disclosed pursuant to subparagraphs 7(a)-(j) above shall be provided with a copy of the Protective Order.

21     9.    If any documents to be filed with the Court contain information and/or documents that have been designated as "Confidential", the proposed filing shall be accompanied by an application (meeting the requirements of Local Rule 79-5 and Judge Fischer's Standing Order ¶ 6) to file the papers or the portion thereof containing the designated information or documents (if such portions are segregable), and the application shall be directed to the judge to whom the papers are directed. Documents that are not confidential or privileged in their entirety shall not be filed under seal if the confidential portions can be redacted and filed

1  separately. For each document or other type of information sought to be filed under
2  seal, the party seeking protection must identify and discuss the factual or legal
3  justification for the Court to find "good cause" or "compelling reason," as
4  appropriate, that such document or type of information should be protected. No
5  document shall be filed under seal unless counsel secures a court order allowing the
6  filing of a document under seal. An application to file a document under seal shall
7  be served on opposing counsel, and on the person or entity that has custody and
8  control of the document, if different from opposing counsel. If opposing counsel,
9  or the person or entity who has custody and control of the document, wishes to
10 oppose the application, he/she must contact the chambers of the judge who will rule
11 on the application, to notify the judge's staff that an opposition to the application
12 will be filed. For motions, the parties will publicly file a redacted version of the
13 motion and supporting papers.

14        10.    If at any time any Confidential Discovery Materials governed by the
15 Protective Order are the subject of a subpoena issued to a party who has received
16 Confidential Discovery Materials in this action by any court, administrative, or
17 legislative body, or by any other persons or entity purporting to have authority to
18 require the production of such information, the person to whom the subpoena is
19 directed shall promptly give written notice thereof, and include a copy of the
20 subpoena or request (unless providing disclosure of subpoena or request is
21 prohibited by law or Court order) to any person who has designated such
22 information as "Confidential." After receipt of the notice specified under this
23 paragraph, the person seeking to maintain the "Confidential" designation shall have
24 the sole responsibility, if it believes it necessary to prevent disclosure of
25 Confidential Discovery Materials, for obtaining an order from a court having
26 appropriate jurisdiction. Upon the filing of any such motion to maintain the
27 confidentiality of the materials sought (notice of which shall be given to the person
28 to whom the subpoena is directed), the person to whom the subpoena is directed

1. shall respond timely to the subpoena, but will not allow access to Confidential
2. Discovery Materials until such time as the Court has ruled on the motion filed by
3. the person or entity seeking to preserve the confidentiality of the Discovery
4. Materials, unless otherwise required by law to make an earlier production
5. notwithstanding such motion. If the person seeking to maintain confidentiality does
6. not move for a protective order within the time allowed for the discovery sought by
7. the subpoena (or within such time as a court may direct or as may be agreed upon
8. between the designating person and the subpoenaing party) or give written notice of
9. such motion to the subpoenaing party and the person to whom the subpoena is
10. directed, the person to whom the subpoena or other request is directed may
11. commence production in response thereto on the date designated on the subpoena.
12. If the Court grants an application to file documents under seal, the Court's
13. mandatory paper chambers copies must include a complete version of the
14. documents with an appropriate notation identifying the document or the portion of
15. the document that has been filed under seal.
16.     11.   Nothing herein shall impose any restriction on the use or disclosure by
17. a party of documents or information created by or for such party, or obtained by
18. such party, independently of discovery proceedings herein.
19.     12.   Entry of this Order shall be without prejudice to any motion or ex parte
20. application for relief from the Court from any restriction hereof or for any other or
21. further restriction on the production, exchange, or use of any document, testimony,
22. or other information produced, given or exchanged in the course of pre-trial
23. discovery in this action. If a party disagrees with another party's "Confidential"
24. designation, the challenging party must nevertheless abide by the same until the
25. matter is resolved by agreement or by the Court. There is no time limit for
26. disputing any "Confidential" designation. If at any time a dispute with regard to the
27. designation of particular Confidential Discovery Materials arises, the parties shall
28. meet and confer to resolve that issue within 7 court days of a written request to do

1  so by the party challenging such "Confidential" designation. If the parties cannot
2  reach an agreement, the challenging party must move for an order from the Court
3  for relief from the Protective Order with respect to the challenged documents. The
4  designating party will bear the burden of establishing good cause for the
5  confidential nature of the documents at issue pursuant to Federal Rule of Civil
6  Procedure 26(c). This paragraph does not prevent a party contesting confidentiality
7  from filing a motion at any time permitted by applicable rules or statutes.
8      13.   Designated documents may be redacted to remove confidential
9  portions to allow the elimination or reduction of the designation. Any party making
10 such a redaction must notify the designating party of the redaction in writing. If at
11 any time a dispute with regard to the redaction of particular Confidential Discovery
12 Material arises, the parties shall meet and confer to resolve that issue within 7 court
13 days. If the parties cannot reach an agreement, the redacting party must move for
14 an order from the Court for relief from the Protective Order with respect to the
15 redacted documents. The designating party will bear the burden of establishing
16 good cause for the redacted documents at issue to retain the original designation
17 pursuant to Federal Rule of Civil Procedure 26(c). This paragraph does not prevent
18 a party contesting redactions from filing a motion at any time permitted by
19 applicable rules or statutes.
20      14.   Within 90 days of a written request by a party made after the final and
21 non-appealable termination of this action, Confidential Discovery Materials and all
22 copies thereof in the possession of the parties or their representatives shall either:
23 (1) be returned to counsel for the producing party; (2) be returned to the accountant,
24 auditor, investment banker, attorney, or other agent or adviser who provided such
25 information; or (3) shall be destroyed. If the destruction option is elected, a
26 certificate attesting to such must be delivered to counsel for the requesting party
27 within 30 days following such destruction. The Protective Order shall continue to
28 be binding after the conclusion of this action. This paragraph shall not be

1 | interpreted to require the return, disclosure, or destruction of materials protected by
2 | the attorney-client privilege or work product doctrine. In addition, counsel for each
3 | party may retain one complete set of deposition transcripts and court filings in this
4 | action. However, "Confidential" designated testimony and/or exhibits attached to
5 | deposition transcripts and court filings shall be destroyed within the same time
6 | frame as set forth above.

7 |     15.   Within 90 days after the final and non-appealable termination of this
8 | action, any Confidential documents that the Court has accepted for filing under seal
9 | shall be returned to the party who produced such documents in the action. The
10 | disposition of any such must be preceded by an ex parte motion, with notice to all
11 | parties, for an order authorizing the Court to return all Confidential information to
12 | the party who produced it in the action.

13 |     16.   Any third party witness who testifies or produces documents may
14 | obtain the protections of the Protective Order by placing the "Confidential"
15 | designation on each page of any documents or other information provided to any
16 | party as to which confidential treatment is sought.

17 |     17.   This Order may be modified, amended, or vacated by further order of
18 | the Court for good cause, or in the interest of justice, or on its own order at any time
19 | in these proceedings.

20 |     18.   Unless specifically provided in an order of this Court, this Order does
21 | not change, amend, or circumvent any court rule or local rule of this Court.

22 |     19.   Nothing within this Order will be construed to prevent disclosure of
23 | Confidential Discovery Materials if such disclosure is required by law or by order
24 | of the Court.

25 |     20.   This Order will be without prejudice to the right of any party to oppose
26 | production of any information for lack of relevance or any other ground other than
27 | the mere presence of Confidential Discovery Materials. The existence of the
28 | Protective Order must not be used by either party as a basis for discovery that is

1  otherwise improper under the Federal Rules of Civil Procedure.

2      21.    This Order shall survive the final determination of this action and shall remain in full force and effect after conclusion of all proceedings herein to provide the Court with ancillary jurisdiction to enforce its terms.

5      22.    The parties have the responsibility, through counsel, to advise each other of any losses or compromises of the confidentiality of information or documents governed by this Order that they have received in this action. Each designating party has the responsibility of notifying any other party if any materials designated "Confidential" are subsequently no longer maintained in a confidential manner or they are disclosed or used in a manner which no longer preserves their confidentiality, or if the designating party no longer considers the materials to be confidential. Nothing herein shall be construed to limit in any way the parties' use or disclosure of their own documents, materials, or information designated as "Confidential."

IT IS SO ORDERED.

Dated: March 28, 2011

By: _____
David T. Bristow
United States Magistrate Judge